UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00013 |
| | ) | JUDGE CAMPBELL |
| NICKLESS WHITSON | ) | |

MEMORANDUM AND ORDER

Pending before the Court is the Defendant Nickless Whitson's Motion To Dismiss Indictment (Docket No. 534), to which the Government has filed a Response in opposition (Docket No. 563). For the reasons set forth herein, the Motion is DENIED.

Through the pending Motion, Defendant Nickless Whitson argues that the charges against him should be dismissed because he has not been provided with a speedy trial as guaranteed by statute and the United States Constitution. The Defendant has failed to establish either claim.

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., provides that in "any case in which a plea of not guilty is entered, the trial ... shall commence within seventy days" from the later of (1) the "filing date" of the information or indictment or (2) a defendant's first appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). See United States v. Smith, 510 F. App'x 390, 393, 2013 WL 58444 (6th Cir. Jan. 7, 2013). In the case of multiple defendants and in the absence of severance, "'one speedy trial clock governs.'" Id. (quoting United States v. Cope, 312 F.3d 757, 776 (6th Cir. 2002)). In addition, "'excludable delay of one defendant is also excluded for his codefendants.'" Id. (quoting United States v. Sobh, 571 F.3d 600, 602 (6th Cir. 2009)).

In this case, Defendant Nickless Whitson was arrested and made his initial appearance

before the Magistrate Judge on December 16, 2011 based on a Complaint that was filed on December 15, 2011. (Docket Nos. 3, 15). Seven other Co-Defendants were named in the Complaint and subsequent Indictment, the last of whom, Defendant William Blake Byrd, made his initial appearance on February 13, 2012. (Docket Nos. 3, 78, 108). Trial was set for April 10, 2012 (Docket No. 117), well within 70-days of that last initial appearance. See Smith, 510 Fed. Appx., at 393-94.

Based on a letter from Defendant Nickless Whitson complaining about his court-appointed counsel, the Court held a hearing on February 23, 2012, and granted the Defendant's request for the appointment of substitute counsel. (Docket Nos. 114, 122). Defendant Nickless Whitson's current counsel entered Notices Of Appearance on February 27, 2012. (Docket Nos. 123, 124).

Approximately, one month prior to trial, Co-Defendants Jatavius Sanders and Angela Whitson filed motions to continue requesting additional time to conduct trial preparation. (Docket Nos. 137, 138). Defendant Nickless Whitson filed a response specifically indicating that he had no opposition to a continuance, and attaching a Waiver of Speedy Trial Rights. (Docket Nos. 141, 141-1). The Court held a hearing on the motions, during which all Defendants indicated that they did not object to a continuance. (Docket No. 145). The Court entered an Order (Docket No. 145) continuing the trial until January 8, 2013, specifically making a finding under the Speedy Trial Act that the delay was excludable because "the interests of justice served by granting the continuance outweigh the interests of the public and the Defendants in a speedy trial on the date previously scheduled." (Id.) The Court also concluded that the delay was excludable as to the Co-Defendants because they were joined for trial with a

2

codefendant as to whom the time for trial had not run and no motion for severance had been granted. (Id.)

Defendant Nickless Whitson has not challenged the findings made in the Court's Order, nor has he otherwise established a Speedy Trial Act violation regarding this continuance.

In several subsequent filings, counsel for Defendant Nickless Whitson raised issues regarding the Defendant's conditions of confinement and mental health, specifically requesting transfer to a state prison facility. (Docket Nos. 160, 167, 169, 180, 182, 186, 186, 213, 215). Based on the filings, the Court, on October 16, 2012, concluded that the Defendant should be transferred to a Bureau of Prisons facility for mental evaluation as to competency. (Docket Nos. 226, 233).

Based on a filing by counsel on November 14, 2012 indicating that Defendant Nickless Whitson had not yet reached the facility where he was to be evaluated, the Court issued an Order on November 27, 2012, concluding that the Defendant was unlikely to be returned to the District in time for the January 8, 2013 trial. (Docket Nos. 233, 262). Consequently, the Court severed Defendant Nickless Whitson from the other Defendants for the January 8, 2013 trial, and indicated that it would set a new trial date for him upon his return to the District. (Id.) The Court specifically found that any delay was excludable under Subsection (h)(1)(A) of the Speedy Trial Act, which excludes "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." (Id.) The Court also relied on the interests of justice exception. (Id.)

On December 21, 2012, the Court received and filed Defendant Nickless Whitson's mental evaluation (Docket Nos 315, 316), and set a status conference for the Defendant to

discuss "whether he wants to be tried with the Co-Defendants on January 8, 2013, or on an alternative date." (Docket No. 317).

On that same day, Co-Defendant Manila Vichitvongsa filed a motion requesting a continuance of the January 8, 2013 trial date. (Docket No. 323). Defendant Angela Whitson filed a Notice, on December 30, 2012, indicating that she did not oppose a continuance. (Docket No. 328). All other Co-Defendants, with the exception of Defendant Nickless Whitson, entered guilty pleas on or before December 31, 2012. (Docket Nos. 304, 331, 334, 337, 342).

On December 31, 2012, the Government filed a motion requesting continuance of the status conference set for Defendant Nickless Whitson because the Marshal Service indicated that the Defendant would not be back in the District until January 22, 2013. (Docket No. 329).

By Order issued that same day, the Court granted Defendant Vichitvongsa's motion and continued the trial to the first available two-week period[1] on the Court's calendar – June 25, 2013. (Docket No. 340). The Court specifically made a finding under the Speedy Trial Act that the delay was excludable because "the interests of justice served by granting the continuance outweigh the interests of the public and the Defendant in a speedy trial on the date previously scheduled." (Id.) The Court also concluded that the delay was excludable as to the Co-Defendants because they were joined for trial with a codefendant as to whom the time for trial

---

[1] The parties had advised the Court that they estimate the trial will take at least two weeks. On any given Tuesday, the day set for trials to begin in this District, this Court has two to four criminal trials scheduled, and often one or more civil trials scheduled, for the next eight to 12 months. Every criminal defendant has speedy trial rights, and balancing those rights while attempting to find an open date is difficult; finding an open date for a two-week trial is even more challenging. As of September 2013, this Judge presided over 142 criminal defendants and 568 civil cases. This Court is also typically in the top ten courts in the nation in trials per judgeship.

had not run and no motion for severance had been granted. (Id.)

Defendant Nickless Whitson has not challenged the findings made in the Court's Order, nor has he otherwise established a Speedy Trial Act violation regarding this continuance.

Also on December 31, 2012, the Court granted the Government's motion and continued the status conference until January 24, 2012. (Docket No. 339). In the Order, the Court indicated the parties should be prepared to state whether they request an evidentiary hearing on Defendant's competence to stand trial. (Id.) The Court also indicated that it intended to set the Defendant to be tried with his two Co-Defendants on June 25, 2013. (Id.)

On January 9, 2013, counsel for Defendant Nickless Whitson filed a motion requesting a continuance of the status conference to a date on or after February 4, 2013. (Docket No. 351). As a basis for the request, counsel indicated that they needed more time to confer with the Defendant to discuss competency and other issues. (Id.) The Court granted the request, and continued the status conference until February 4, 2013. (Docket No. 352).

On January 9, 2013, Co-Defendant Angela Whitson filed a motion requesting that the trial set for June 25, 2013 be rescheduled as counsel had another trial set for June 24, 2013. (Docket No. 353). The Court granted the request, and continued the trial to the first available two-week period on the Court's calendar – July 30, 2013. (Docket No. 354). The Court specifically made a finding under the Speedy Trial Act that the delay was excludable because "the interests of justice served by granting the continuance outweigh the interests of the public and the Defendant in a speedy trial on the date previously scheduled." (Id.) The Court also concluded that the delay was excludable as to the Co-Defendants because they were joined for trial with a codefendant as to whom the time for trial had not run and no motion for severance

5

had been granted. (Id.)

Defendant Nickless Whitson has not challenged the findings made in the Court's Order, nor has he otherwise established a Speedy Trial Act violation regarding this continuance.

On January 30, 2013, counsel for Defendant Nickless Whitson filed a motion requesting a continuance of the status conference to a date on or after February 18, 2013. (Docket No. 362). The motion indicated that counsel needed more time to schedule a visit with the Defendant at his place of incarceration. (Id.) The Court granted the request and continued the status conference to February 25, 2013. (Docket No. 363).

On February 22, 2013, counsel for the Defendant filed a motion requesting another continuance of the status conference, supported by counsel's affidavit filed under seal. (Docket Nos. 372, 374). The Court denied the request, stating that the case "will benefit from a status conference." (Docket No. 376). At the status conference, the Court set an evidentiary hearing for May 10, 2013 on the issue of Defendant's competence. (Docket No. 378). The Court also rejoined the Defendant for trial on July 30, 2013 with the two remaining Co-Defendants. (Id.)

On March 27, 2013, Co-Defendant Vichitvongsa filed a pro se request for new counsel. (Docket No. 381). The Court held a hearing on April 11, 2013, and granted the request. (Docket No. 389). Substitute counsel entered a Notice Of Appearance that same day. (Docket No. 390).

On May 10, 2013, the Court held a hearing during which Defendant Nickless Whitson elected not to introduce evidence on the issue of his competency. (Docket Nos. 403, 405). Accordingly, based on the Bureau of Prisons evaluation, the only evidence in the record, the Court concluded that the Defendant was competent to proceed. (Id.)

On June 3, 2013, substitute counsel for Co-Defendant Vichitvongsa filed a motion

requesting a continuance of the July 30, 2013 trial date because he had not had sufficient time to get "up to speed" on the case and prepare for trial. (Docket No. 425). Co-Defendant Angela Whitson filed a Notice indicating that she had no opposition to the request. (Docket No. 429). Defendant Nickless Whitson filed a Response (Docket No. 435) objecting to the request for continuance. (Docket No. 435). The Court issued an Order, on June 11, 2013, granting the request, and continuing the trial to the first available two-week period on the Court's calendar – November 5, 2013. (Docket No. 441). The Court specifically made a finding under the Speedy Trial Act that the delay was excludable because "the interests of justice served by granting the continuance outweigh the interests of the public and the Defendant in a speedy trial on the date previously scheduled." (Id.) The Court also concluded that the delay was excludable as to the Co-Defendants because they were joined for trial with a codefendant as to whom the time for trial had not run and no motion for severance had been granted. (Id.) That same day, Co-Defendant Angela Whitson filed a motion requesting that the Court reschedule the trial because counsel had a conflict with another trial on the date set. (Docket No. 442).

Nine days later, Defendant Nickless Whitson filed a Motion To Reconsider Trial Continuance (Docket No. 462), restating his opposition to the continuance, alternatively, requesting severance from his Co-Defendants, but failing to cite and address applicable authority for such a request. In addition, the Defendant argued that the Court should grant his pending Motion To Sever Counts (Docket No. 426). Thus, Defendant appeared to request that the Court either require Co-Defendant Vichitvongsa to go to trial even though his new counsel had not had time to prepare; or without citation of applicable authority and little in the way of argument, that the Court should schedule one trial for his Co-Defendants; a second trial for him on Counts One

7

through Four; and a third trial for him on Counts Five through Eight.  The Court denied the Defendant's request to reconsider, noting that it had found the continuance to be in the interests of justice. (Docket No. 463).  The general rule in conspiracy cases is that "persons indicted together should be tried together." United States v. Smith, 197 F.3d 225, 230 (6th Cir. 1999); United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008).

The Court subsequently granted Co-Defendant Angela Whitson's request to reschedule the trial date, and moved the trial one week to November 12, 2013. (Docket No. 467).

Defendant Nickless Whitson has not challenged the findings made in the Court's Orders, nor has he otherwise established a Speedy Trial Act violation regarding this continuance.

On October 15, 2013, Co-Defendant Vichitvongsa filed a motion (Docket No. 532) requesting a continuance of the November 12, 2013 trial date because his request for funding to assist with investigation had not been approved by the Sixth Circuit until October 7, 2013. (See Docket Nos. 508, 515, 518, 531). Consequently, the Defendant argued that he had not had an adequate opportunity to utilize the fruits of the investigative funding. (Docket No. 532).

The Court granted the request (Docket No. 533), and continued the trial to the first available two-week period on the Court's calendar – May 6, 2014. In reaching its decision, the Court specifically made a finding under the Speedy Trial Act that the delay was excludable because "the interests of justice served by granting the continuance outweigh the interests of the public and the Defendant in a speedy trial on the date previously scheduled." (Id.)  The Court also concluded that the delay was excludable as to the Co-Defendants because they were joined for trial with a codefendant as to whom the time for trial had not run and no motion for severance had been granted. (Id.)  Defendant Vichitvongsa clearly needed more time to prepare for trial

8

and utilize the funding recently approved by the Sixth Circuit.

It is this Order upon which Defendant Nickless Whitson bases his pending motion requesting dismissal of the charges against him on speedy trial grounds. The Court notes that, by contemporaneous Order, it has granted Co-Defendant Angela Whitson's motion requesting that the trial be rescheduled due to a conflict with counsel's trial schedule (Docket No. 535), and has moved the trial to an earlier open date on the Court's calendar – April 29, 2014. This date recently became available due to the fluid nature of the trial calendar.

Defendant Whitson has not challenged the findings made by the Court in granting the last continuance, nor has he otherwise established a Speedy Trial Act violation regarding the continuance. Accordingly, Defendant's request to dismiss the charges against him based on a violation of the Speedy Trial Act is without merit.

The focus of Defendant Whitson's motion, however, is his constitutional right to a speedy trial. The Sixth Amendment guarantees an accused in a criminal prosecution "the right to a speedy and public trial." U.S. Const. Amend. VI. In Barker v. Wingo, 407 U.S. 514, 523-30, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court established a four-factor test for determining whether a constitutional speedy trial violation has occurred. The factors to be considered are: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. 407 U.S. at 530. If a court concludes that a speedy trial violation has occurred, the remedy is dismissal of the charges with prejudice. United States v. Jackson, 473 F.3d 660, 664 (6th Cir.2007); United States v. Williams, 231 Fed. Appx. 457 (6th Cir. Aug. 10, 2007).

In considering the first Barker factor, the period to be considered is that between the date

9

of indictment or arrest, whichever is earlier. United States v. Young, 657 F.3d 408, 414 (6th Cir. 2011). As noted above, the Defendant was arrested on December 16, 2011, and the current trial date is April 29, 2014. A delay of over one year is "presumptively prejudicial" and triggers application of the remaining three Barker factors. Id.; United States v. Watford, 468 F.3d 891, 901-02 (6th Cir. 2006).

The Barker Court explained that when considering the reason for the delay, the purpose is to determine whether the government or the defendant is more to blame. Barker, 407 U.S. at 531; Watford, 468 F.3d at 902. The Defendant does not specifically blame the Government for the delay in this case, but instead blames "systemic failure" which he describes as the inability for a Co-Defendant to secure prompt defense funding, and this Court's unwillingness to sever him and order separate trials. The Defendant insists that he is not responsible for the delay.

As discussed above, however, the Defendant agreed to, and specifically waived his Speedy Trial rights regarding, the first continuance to January 8, 2013. (Docket No. 141). Based on filings made by counsel for the Defendant prior to that trial date, the Defendant's competency to proceed was called into question, and his competence to proceed to trial was not established until May 10, 2013. (Docket Nos. 226, 233, 403, 405). Consequently, any delay prior to that date was not attributable to the Government, the Co-Defendants, or the Court.

As for the continuance of the trial after that date, Defendant Whitson does not argue, and certainly has not established, that the continuance requests by his Co-Defendants were unfounded or made in bad faith, or even that the Court erred in determining that the "interests of justice" supported those requests. In addition, the Defendant has not shown that the Court has been dilatory in managing this rather complex case, which involves charges that include Hobbs

Act robberys, firearms violations, and drug conspiracies. For example, the Court has considered and ruled on more than 25 pretrial motions filed by the various Defendants, including 12 filed by Defendant Whitson. (Docket Nos. 266, 297, 505, 507).

Despite Defendant's allusion to "systemic failures," the Court does not find any of the participants to be at "fault" for the trial delay, and considers the second factor to be neutral.

The third Barker factor is whether the Defendant has asserted his right to a speedy trial. Defendant Whitson's first noted opposition to continuance of the trial was made in June, 2013, less than a year before the scheduled trial date. As to the last continuance, the Defendant did not file a motion to reconsider, nor as noted above, has he filed a motion formally requesting severance of his trial from his Co-Defendants.[2] Instead, the Defendant requests the extraordinary remedy of dismissal of the charges against him. The third Barker factor does not weigh heavily in favor of the Defendant.

The final Barker factor is whether Defendant Whitson has suffered prejudice from the pre-trial delay. The Supreme Court has explained that in considering this factor, three interests are paramount: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532; Watford, 468 F.3d at 907. Of these three interests, "'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" Young, 657 F.3d at 418 (quoting Barker, 407 U.S. at 532).

---

[2] As noted above, the Defendant requested severance of his trial from the Co-Defendants as alternative relief in a motion to reconsider, without citation of applicable authority. The Court would expect a serious request for severance to be made in a stand-alone, fully-briefed, motion requesting such relief.

Defendant Whitson argues that he has experienced oppressive pretrial incarceration. The Defendant has clearly complained about each of the three facilities at which he has been held, stating his preference for housing at a state prison facility. Every defendant would undoubtedly desire to have their choice of prison facility, however, and Defendant Whitson has not shown that he has suffered any particular prejudice from his pretrial incarceration.[3] Nor has he shown prejudice to his defense. He has not, for example, identified any witnesses or evidence that has been lost as a result of the continuance of the trial. As noted above, the Defendant has not shown a lack of diligence on the part of the Government in prosecuting this case, or a lack of diligence on the part of the Court in managing this case. Under these circumstances, his generalized claims of prejudice are not substantial enough for this factor to weigh in his favor. See Young, 657 F.3d at 418-19.

Weighing all the Barker factors here, the Court finds that although the trial delay has been more than one year, Defendant Whitson has failed to present any evidence of dilatory conduct or bad faith on the part of the Government, the Co-Defendants, or the Court. He is also responsible for much of the delay himself. Nor has the Defendant identified any particularized prejudice. Accordingly, the Court concludes that the delay does not violate the Defendant's Sixth Amendment right to a speedy trial, and dismissal of the charges against him is unwarranted.

---

[3] The Defendant's Motion states that Grayson County Detention Center was a better facility than the other facilities at which he has been housed, but that he had been moved from that facility as of the date the Motion was filed. (Docket No. 534, at 6). The Government's Response (Docket No. 563, at 9) indicates that the Defendant was returned to the Grayson County facility on November 6, 2013.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE